UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SIMON PROPERTY GROUP L.P.,           )
SIMON PROPERTY GROUP                 )
ADMINISTRATIVE SERVICES              )
PARTNERSHIP, L.P.,                   )
                                     )
              Plaintiffs,            )
                                     )
       v.                            )     No. 1:24-cv-01562-JRO-MKK
                                     )
MICHELLE SMART,                      )
TANGER, INC.,                        )
                                     )
              Defendants.            )

## REPORT & RECOMMENDATION

Before the Court is Defendants' Motion for Sanctions Pursuant to Rule 11 of

the Federal Rules of Civil Procedure, Dkt. [227]. The Honorable United States

District Judge Justin R. Olson referred the Motion to the undersigned. In the

Motion, Defendants Tanger, Inc. ("Tanger") and Michelle Smart ("Smart") request

that the Court sanction Plaintiffs by striking the allegations against Tanger in

Plaintiffs' Amended Complaint, striking all references to Tanger in Plaintiffs'

prayer for relief, and dismissing the trade secret claims against Tanger in counts I

and II, (*see* Dkt. 228 at 15–16), claiming that Plaintiffs' allegations, based on

"information and belief," are contrary to "clear evidence" that the trade secrets were

not conveyed to Tanger, (*id.* at 2, 11–14). According to Tanger, there is no reason to

believe that continued investigation or discovery will yield evidentiary support for

Plaintiffs' claims; therefore, the Court should stop Plaintiffs from pursuing further discovery and bar them from pursuing their allegations. (*Id.* at 2–3).

Plaintiffs respond that Defendants' motion is a "thinly veiled motion for summary judgment." (Dkt. 235 at 1). There is ample evidence in the record to support Plaintiffs' allegations, and circumstantial evidence and reasonable inferences are enough to support a claim at the pleading stage, Plaintiffs argue. (*Id.* at 2). Further, Plaintiffs assert that Tanger has not been acting in good faith in discovery, including not searching certain custodial files for relevant documents, objecting to producing a corporate representative to testify about whether Smart conveyed the alleged trade secrets to Tanger, and refusing to produce key witnesses for deposition. (*Id.* at 3). Rule 11 imposes an objective standard, Plaintiffs argue, and an allegation on information and belief permits a party to plead factual contentions that will likely have evidentiary support after further reasonable investigation. (*Id.* at 11; *see also id.* at 19 (recounting Plaintiffs' earlier investigation of Smart's computer and noting Tanger's recent business activity)). The allegations in the Amended Complaint are based on compelling evidence of trade secret misappropriation by both Defendants, Plaintiffs argue, and Defendants have not shown that the Amended Complaint is so devoid of factual support that dismissal is warranted. (*Id.* at 13, 20). Just because Defendants dispute the claims does not make them sanctionable under Rule 11, Plaintiffs aver. (*Id.* at 20). Further, Plaintiffs add, Local Rule 7-1(g) required Defendants' motion to be accompanied by a statement that that they made reasonable efforts to confer with Plaintiffs before

filing the motion; Defendants neither conferred with Plaintiffs prior to filing their motion nor included a statement indicating as much in their brief, Plaintiffs note.[1] (Dkt. 235 at 3, 21–22).

## I.    LEGAL STANDARD

Rule 11 states, in part:

> By presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims . . . and other legal contentions are warranted by existing law . . . ; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(2), (3). Thus, "Rule 11 requires that the factual contentions underlying claims must 'have evidentiary support' or must 'likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Fletcher v. Doig*, 145 F.4th 756, 764 (7th Cir. 2025) (quoting Fed. R. Civ. P. 11(b)(3)). That said, however, "it is not uncommon for the parties to discover additional evidence between [pleading] and trial that bear on the strength of their claims." *Fletcher*, 145 F.4th at 765.  In considering a sanctions motion, the court may

---

[1] For the first time in their reply, Defendants state that they met with Plaintiffs via videoconference on January 27, 2026, and discussed their intention to seek sanctions at that time. (Dkt. 239 at 14). Further, Defendants served on Plaintiffs a copy of their motion and the brief in support on February 5, 2026, approximately 21 days before they filed the present motion. (*See id.* at 14–15 (citing Exh. 4 (Dkt. 239-4)). Although belatedly submitted, the undersigned finds that Defendants did meet the requirements of S.D. Ind. Local Rule 7-1(g). Because Defendants' violation of the Local Rule here is only "technical," the undersigned will consider the merits of the motion. *See N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 887 (7th Cir. 2017).

"consider the history of the proceedings as well as the conduct of the parties and their respective counsel." *Id.*

Rule 11 "imposes . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and . . . the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 551 (1991). "The decision to impose sanctions is a matter of the district court's discretion after considering the evidence, and in making the decision, the court must undertake an objective inquiry" into what facts counsel should have known at the time the pleading was filed. *Fletcher*, 145 F.4th at 764 (citations omitted).

## II.   DISCUSSION

Defendants ask the Court to impose sanctions on Plaintiffs because discovery, to date, has not yet revealed concrete evidence that the alleged trade secrets were conveyed by Smart to Tanger. (Dkt. 228 at 13–14). However, Rule 11 does not require that a party establish concrete evidence of its contentions at the pleading stage or during discovery; it only requires that there will "likely be evidentiary support" for the contention after "a reasonable opportunity" for discovery has occurred. *See* Fed. R. Civ. P. 11(b)(3). As the undersigned has noted in previous orders, (*see* Dkt. 251), and as Plaintiffs have argued in previous filings, (*see, e.g.*, Dkts. 152, 219), Defendants have resisted Plaintiffs' efforts to perform the requisite inquiry into the operative facts during discovery. (*See* Dkt. 251 at 4–5 (noting discovery gaps and significant disagreements over search terms and methodology

warranting further depositions of Tanger officers)). "[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and the undersigned will not accept Defendants' invitation to engage in such tasks. *Fletcher*, 145 F.4th at 764 (citation omitted). Further, a motion for sanctions is premature at this juncture, as discovery has yet to conclude. (*See* Dkts. 260, 261, 264). Plaintiffs' arguments in support of their contentions, while far from conclusive evidence, are sufficient to entitle them to conduct discovery and to continue pursuing their claims.

## III.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DENY** Defendants' Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Dkt. [227].

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen (14) days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

So **RECOMMENDED**.

Date: 06/05/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF