UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SIMON PROPERTY GROUP L.P.,            )
SIMON PROPERTY GROUP                  )
ADMINISTRATIVE SERVICES               )
PARTNERSHIP, L.P.,                    )
                                      )
                 Plaintiffs,          )
                                      )
          v.                          )      No. 1:24-cv-01562-JRO-MKK
                                      )
MICHELLE SMART,                       )
TANGER, INC.,                         )
                                      )
                 Defendants.          )

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge M. Kendra Klump's Report and Recommendation ("R&R"), dkt. [267], recommending the Court **DENY** Defendants' Motion for Sanctions, dkt. [227]. For the reasons stated below, the Court **ADOPTS** this R&R.

This is a case about trade secrets in the mall and outlet property market. Plaintiffs allege Defendants misappropriated "Deal Reports" containing detailed, confidential information about Plaintiffs' leases nationwide. *See* Dkt. 214. In their amended complaint, Plaintiffs specifically allege Defendant Smart (Plaintiff's former employee) provided those "Deal Reports" to her new employer, Defendant Tanger (a market competitor with Plaintiffs). *Id.* ¶ 92–103. At least some of the details are alleged only "on information and belief."

Defendants argue that these allegations, brought after the close of discovery, are "completely speculative and flatly contradicted by the[] . . . direct

evidence."  Dkt. 228 at 2.  Because of the asserted lack of evidence, Defendants argue Plaintiffs filing of the amended complaint violated their obligation under Federal Rule of Civil Procedure 11(b) to cease litigating a matter when reasonable opportunity for investigation reveals the claim is unsupported by the evidence. *Id.* at 10.  Plaintiffs responded that reasonable inferences and "compelling circumstantial evidence" are sufficient at the pleading stage to entitle them to proceed to discovery.  Dkt. 235 at 1–2.  They also identified discovery deficiencies on Defendants' part.  *Id.* at 3.

On June 5, the magistrate judge issued an R&R recommending the Court deny Defendants' motion for sanctions.  Dkt. 267.  The magistrate reasoned that Plaintiffs need not present conclusive evidence in support of their claims, only show that "there will 'likely be evidentiary support' for the contention after 'a reasonable opportunity' for discovery has occurred.  *Id.* at 4–5 (citing Fed. R. Civ. P. 11(b)(3)).  Plaintiffs met that standard.  Further, as the magistrate judge has noted in previous orders, "Defendants have resisted Plaintiffs' efforts to perform the requisite inquiry into the operative facts during discovery."  *Id.* at 4 (citing dkt. 251 at 4–5).  So, at best, the motion is premature as discovery is ongoing.

More than fourteen days have passed since the R&R was issued, and no party has filed an objection.  The Court has reviewed the record and the R&R and finds the magistrate judge did not commit clear error.  *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999) (district courts review unobjected portions of a magistrate judge's report and recommendation for clear error).

Therefore, the Court **ADOPTS** the magistrate judge's Report and Recommendation, dkt. [267], and **DENIES** Defendants' motion, dkt. [227].

**SO ORDERED.**

Date:  6/29/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email